UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHAEL MAXIE, | ) |
| | ) |
|     Plaintiff, | ) |
| | )   CAUSE NO. 2:14-CV-008 PS |
| vs. | ) |
| | ) |
| MARK E. LEVENHAGEN, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## ORDER

Michael Maxie filed this case (and others) when he was a prisoner at the Indiana State Prison. When he was released, he filed a notice of change of address in another pending case (3:13-cv-1280) that is also assigned to me, but he has not filed one in this case. Nevertheless, in the interests of justice, I will direct the clerk to update his address.

Additionally, two other issues remain. First, Maxie needs to clarify whether he is trying to proceed with this lawsuit as a civil rights action or a habeas corpus proceeding. My confusion on this point arises from the fact that although he filed both a complaint (DE 1) and an amended complaint (DE 10) using the court's form for filing a prisoner civil rights case pursuant to 28 U.S.C. § 1983, his most recent filing (DE 13) describes this as a habeas corpus case. As a result, it is unclear what Maxie thinks he is doing in this case and how he wants to proceed. Maxie needs to file a status report with the court clarifying what he is trying to do here.

Second, if this is a civil rights lawsuit, Maxie needs to resolve his filing fee status now that he has been released from prison. Pursuant to 28 U.S.C. § 1915(b), a prisoner

who files a civil lawsuit must pay the full amount of the filing fee either in advance or over time. Moreover, a prisoner who files a civil lawsuit must pay the full filing fee even if he is released. *Robbins v. Switzer*, 104 F.3d 895, 897 (7th Cir. 1997). Therefore, Maxie can proceed with this lawsuit if he pays the outstanding balance of $343.03.

Alternatively, 28 U.S.C. § 1915(b)(4) permits a former prisoner, who has paid the initial partial filing fee assessed under § 1915(b)(1) and any installment payments due under § 1915(b)(2), to be excused from further payments on the filing fee if he is destitute. *Robbins* 104 F.3d at 898. Here, Maxie was assessed an initial partial filing fee of $6.97 on February 10, 2014, and ordered to thereafter pay 20% of the money that was deposited into his inmate trust fund account each month for which he received $10.00 or more until the $350.00 filing fee was paid in full. Maxie has paid the initial partial filing fee, but he has not paid any of the required installment payments. The inmate trust account ledger he filed in 3:13-cv-1232 on April 21, 2014, shows that he received $35.20 in February 2014 and therefore he was obligated to pay $7.04. It also shows that he received $24.00 in March and therefore owed another $4.80. Thus he must pay at least $11.84 before proceeding with this case. In addition he must pay any installment payments that he owed for April, May, June, and July. So if Maxie want to avail himself of this option, he must file a non-prisoner *in forma pauperis* petition along with a copy of his inmate trust account ledger for the months of April, May, June, and July 2014. And he must pay $11.84 plus 20% of the money deposited into his inmate trust account for each month he received $10.00 or more during April, May, June, and July 2014.

For the foregoing reasons, this court:

(1) **DIRECTS** the clerk to update Michael Maxie's address on this case to the one he provided in 3:13-cv-1280;

(2) **DIRECTS** the clerk to place this cause number on a blank non-prisoner *in forma pauperis* petition and mail it to Michael Maxie;

(3) **ORDERS** Michael Maxie to file a status report and resolve his filing fee status by October 31, 2014; and

(4) **CAUTIONS** Michael Maxie that if he does not respond by that deadline, this case will be dismissed without further notice for non-payment of the filing fee.

**SO ORDERED**.

ENTERED: October 1, 2014

s/Philip P. Simon  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT